# EXHIBIT A

● ORIGINAL ●

Larry W. Lee, Esq. SBN 228175
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

Edward W. Choi, Esq. SBN 211334
**LAW OFFICES OF CHOI & ASSOCIATES**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885

Thomas M. Lee, State Bar No. 210599
**LEE LAW OFFICES, APLC**
3435 Wilshire Blvd Suite 2400
Los Angeles, California 90010
Telephone: (213) 251-5533
Facsimile: (213) 251-5534

FILED
Superior Court Of California
County Of Los Angeles

MAR 06 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Glorietta Robinson

Attorneys for Plaintiff and the Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### CENTRAL DISTRICT – UNLIMITED CIVIL

BC 653367

| | |
|---|---|
| CORBIN HALLEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TARGET CORPORATION, a Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512 FOR FAILURE TO PROVIDE MEAL PERIODS;**<br><br>(2) **VIOLATION OF CAL. LABOR CODE § 226.7 FOR FAILURE TO PROVIDE REST PERIODS;**<br><br>(3) **VIOLATION OF LABOR CODE §226; AND**<br><br>(4) **VIOLATION OF BUSINESS CODE §17200**, *et seq.* |

Plaintiff CORBIN HALLEY ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant TARGET CORPORATION ("Defendant") and DOES 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants for unpaid wages and penalties under the California Labor Code, and for restitution as follows:

1

CLASS ACTION COMPLAINT

# INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Codes, and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, *et seq*.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving proper meal and rest breaks.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Codes and the UCL.

7. Venue is proper in Los Angeles County because Plaintiff was employed at Defendant's store located within Los Angeles County.

## PARTIES

8. In May 2015, Plaintiff was hired by the Defendant to work as a Target Protection Specialist. Plaintiff worked for Defendant until on or about December 2016. During his employment, Plaintiff was paid on an hourly basis as a non-exempt employee.

9. Plaintiff was and is the victim of the policies, practices, and customs of

1  Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Codes and the UCL.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant operates retail stores throughout the United States, including numerous locations in the State of California.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Codes and the UCL.

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

3

**CLASS ACTION COMPLAINT**

1  Defendants.

2      15.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

    16.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

    17.    **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382. Plaintiff proposes the following Class: All non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present. Plaintiff further proposes the following Subclasses:

    a.    All non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present and who worked three and one-half (3.5) hours or more in any work shift (the "Rest Period Subclass");

    b.    All non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present within Defendants' Loss Prevention department, including, but not limited to, Target Protection Specialists (the "Loss Prevention Sub-Class");

    b.    All non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present within Defendants' Loss Prevention department, including, but not limited to, Target Protection Specialists, and who worked more than five (5) hours in any work shift (the "Loss Prevention Meal Period Sub-Class");

4

CLASS ACTION COMPLAINT

c. All non-exempt employees who were employed by Defendants in the State of California at any time from March 6, 2013 through the present within Defendants' Loss Prevention department, including, but not limited to, Target Protection Specialists, and who worked three and one-half (3.5) hours or more in any work shift (the "Loss Prevention Rest Period Sub-Class");

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to provide unfettered meal periods; (b) failed to provide unfettered rest periods; and (c) failed to provide accurate itemized wage statements.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

20. Defendants uniformly administered a corporate policy, practice of: (a) failing to provide unfettered meal periods; (b) failing to provide unfettered rest periods; and (c) failing to provide accurate itemized wage statements.

21. Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Codes and the UCL.

23. **Common Question of Law and Fact:** There are predominant common questions

5

CLASS ACTION COMPLAINT

of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of: (a) failed to provide unfettered meal periods; (b) failed to provide unfettered rest periods; and (c) failed to provide accurate itemized wage statements.

24. **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As with all other employees in the State of California, Plaintiff and other class members received hourly pay. Nevertheless, Defendant failed to provide all proper meal and rest breaks, and failed pay the wages fully and in a timely manner. Defendant also failed to provide Plaintiff and class members with itemized wage statements containing all required information.

25. The California Labor Code and upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27. The prosecution of separate actions by the individual class members, even if

6

**CLASS ACTION COMPLAINT**

1. possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid minimum and overtime wages, meal and rest break premiums, unpaid reimbursements, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 226 and Code of Civil Procedure § 1021.5.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

30. The Plaintiff Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION
### FOR VIOLATION OF LABOR CODE § 226.7 AND 512 REGARDING MEAL PERIODS
### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE LOSS PREVENTION SUB-CLASS AND LOSS PREVENTION MEAL SUB-CLASS)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

32. Defendants failed in their affirmative obligation to provide all of their employees,

7

CLASS ACTION COMPLAINT

1 including Plaintiff and other members of Class, the opportunity to take meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and other members of Class were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and 512.

33. Plaintiff and other members of Class regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiff and other members of Class who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

34. As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law. Specifically, Defendants required its Loss Prevention employees to carry their radios and respond to calls during their meal breaks.

35. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

36. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and that Plaintiff and those employees similarly situated as him are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of Class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

37. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and other

members of Class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and 512, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF LABOR CODE § 226.7 REGARDING REST PERIODS
## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF ALL CLASSES AND SUB-CLASSES)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set for herein.

39. Defendants failed in their affirmative obligation to provide all of their employees, including Plaintiff and other members of Class, the opportunity to take rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and other members of Class were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7.

40. Plaintiff and other members of Class regularly worked shifts of three and one-half hours (3.5) hours or more per day and accordingly had a right to take a 10-minute rest period each day. Furthermore, Plaintiff and other members of Class who worked shifts of seven and one-half (7.5) hours or more per day had a right to take a second 10-minute rest period.

41. As a pattern and practice, Defendants regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law. Specifically, Defendants required all of its employees to remain on Defendants' premises during rest breaks, and further, required its Loss Prevention employees to carry their radios and respond to calls during their rest breaks.

42. This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper rest periods is a violation of California law.

43. Plaintiff is informed and believes and based thereon alleges that Defendants

9

CLASS ACTION COMPLAINT

Exhibit A
Page 14

1  willfully failed to pay employees who were not provided the opportunity to take rest breaks the
2  premium compensation set out in Labor Code § 226.7 and that Plaintiff and those employees
3  similarly situated as him are owed wages for the rest period violations set forth above. Plaintiff
4  is informed and believes and based thereon alleges Defendants' willful failure to provide
5  Plaintiff and other members of Class the wages due and owing them upon separation from
6  employment results in a continued payment of wages up to thirty (30) days from the time the
7  wages were due. Therefore, Plaintiff and other members of Class who have separated from
8  employment are entitled to compensation pursuant to Labor Code § 203.

9  44.   Such a pattern, practice and uniform administration of corporate policy as
10 described herein is unlawful and creates an entitlement to recovery by the Plaintiff and other
11 members of Class identified herein, in a civil action, for the unpaid balance of the unpaid
12 premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 5 § 12(B),
13 including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING
## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF ALL CLASSES AND SUB-CLASSES)

18  45.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as
19 though fully set for herein.

20  46.   Defendants failed in their affirmative obligation to keep provide records payroll
21 records of their California employees. Defendants, as a matter of policy and practice, did not
22 maintain accurate records in violation of Labor Code § 226.

23  47.   As a result of the violations alleged above, Defendants failed to provide accurate
24 records of Plaintiff's and the class members' gross and net wages earned, and/or applicable and
25 total hours worked.

26  48.   Such a pattern, practice and uniform administration of corporate policy as
27 described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class
28 identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code §

226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

## FOURTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 FOR UNFAIR BUSINESS PRACTICES

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF ALL CLASSES AND SUB-CLASSES)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

50. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by not providing proper meal and rest breaks and by failing to pay the appropriate premium pay for such violations.

51. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

52. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

53. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

54. Plaintiff is informed and believes and on that basis allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

11

CLASS ACTION COMPLAINT

Exhibit A
Page 16

Doc# 1 Page# 11 - Doc ID = 1686844833 - Doc Type = OTHER

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed classes;

2. For an order appointing Plaintiff as the representative of the classes as described herein;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. Upon the First Cause of Action, for meal period premium wages pursuant to statute as set forth in Labor Code §§ 226.7 and 512 and for waiting time wages according to proof pursuant to California Labor Code § 203;

5. Upon the Second Cause of Action, for rest period premium wages pursuant to statute as set forth in Labor Code §§ 226.7 and 512 and for waiting time wages according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, for penalties pursuant to statute as set forth in Labor Code § 226, and for costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq.;

8. On all causes of action for attorneys' fees and costs as provided by California Labor Code §226, and Code of Civil Procedure § 1021.5; and

9. For such other and further relief the Court may deem just and proper.

DATED: March 6, 2017

LAW OFFICES OF CHOI & ASSOCIATES

By: _____
Edward W. Choi
Attorneys for Plaintiff and the Class