UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-0692 JGB (MRWx) | Date | July 11, 2024 |
| Title | *Corbin Halley v. Target Corporation, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                                              None Present

**Proceedings:   Order (1) GRANTING Defendant's Motion for Judgment on the Pleadings (Dkt. No. 91); and (2) VACATING the July 15, 2024 Hearing (IN CHAMBERS)**

Before the Court is a motion for judgment on the pleadings filed by defendant Target Corporation ("Target" or "Defendant"). ("Motion," Dkt. No. 91.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion and **VACATES** the July 15, 2024 hearing.

## I.  BACKGROUND

On March 6, 2017, Corbin Halley ("Plaintiff") initiated this action in California Superior Court for the County of Los Angeles against Defendant and Does 1 through 50—the Complaint asserts wage and hour violations on behalf of Plaintiff and a class of similarly situated employees. ("Complaint," Dkt. No. 1-1.) Specifically, the Complaint asserts four causes of action for: (1) violations of California Labor Code §§ 226.7 and 512 for failure to provide meal periods; (2) violations of California Labor Code § 226.7 for failure to provide rest periods; (3) violations of California Labor Code § 226 for failure to provide accurate wage records; and (4) violations of the Unfair Competition Law ("UCL"). On April 14, 2017, Defendant removed the case pursuant to the Class Action Fairness Act ("CAFA"). (Dkt. No. 1.)

On June 1, 2017, the Court stayed all further proceedings pending resolution of the duplicative meal break claims in Thompson v. Target Corp., Case No. 2:16-cv-02587-JGB-MRW (C.D. Cal.) ("Thompson") and the duplicative rest break claims and wage statement claims in

Bowen v. Target Corp., Case No. 2:16-cv-02587- JGB-MRW (C.D. Cal.) ("Bowen").  ("Stay Order," Dkt. No. 19.)  On November 22, 2022, the parties filed a joint status report regarding the stay of the action.  ("Status Report," Dkt. No. 57.)  On December 1, 2022, the Court lifted the stay and reopened the case.  (Dkt. No. 58.)  On December 22, 2022, Plaintiff filed a first amended complaint ("FAC," Dkt. No. 61.)  On January 23, 2023, Defendant answered the FAC.  ("Answer," Dkt. No. 62.)

On June 10, 2024, Defendant filed this Motion pursuant to Federal Rule of Civil Procedure 12(c).  (Motion.)  Defendant also filed a request for judicial notice.  ("RJN," Dkt. No. 92.)[1]  On June 24, 2024, Plaintiff opposed the Motion.  ("Opposition," Dkt. No. 93.)  On July 1, 2024, Defendant replied.  ("Reply," Dkt. No. 94.)

## II.   LEGAL STANDARD

Target moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2]  Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").  Like a Rule 12(b)(6) motion, a Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings.  For purposes of a Rule 12(c) motion, the allegations of the non-moving party must be accepted as true.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)).  Further, all allegations of the non-moving party must be construed in favor of that party.  Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).  Judgment on the pleadings is proper when the moving party establishes that no material issue of fact remains to be resolved and it is entitled to judgment as a matter of law.  Hal Roach, 896 F.2d at 1550.

When granting a motion for judgment on the pleadings, a court should grant leave to amend if the complaint can be cured by additional factual allegations.  Somers v. Apple, Inc., 729 F.3d 953, 960 (9th Cir. 2013).  However, "dismissal without leave to amend is proper if it is clear that the complaint [cannot] be saved by amendment."  Id. (citation omitted).

---

[1] A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  "[P]ublic records maintained on government websites are generally subject to judicial notice."  Johnson v. DBTA, LLC, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019) (citation omitted).  Additionally, courts may take judicial notice of court records and filings as matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Here, Defendant requests judicial notice of court records and filings as matters of public record.  Accordingly, the Court **GRANTS** the RJN.

[2] All subsequent references to "Rule" refer to the Federal Rules of Civil Procedure, unless otherwise stated.

### III. DISCUSSION

Target moves for judgment on the pleadings on the grounds that Plaintiff's first, second and third claims fail as a matter of law to the extent they are based on the on-premises rest period theory. (See Motion.) Target argues that the California Supreme Court's opinion in Augustus v. ABM Sec. Servs., Inc., 2 Cal. 5th 257, 264 (2016), as modified on denial of reh'g (Mar. 15, 2017) forecloses Plaintiff's claims to the extent they assert an on-premises rest period theory. (Id. at 6-7.) Plaintiff argues that the on-premises rest period theory alone can establish liability under Miles v. Kirkland Stores, Inc., 89 F.4th 1217 (9th Cir. 2024).

California Labor Code section 226.7(b) requires California employers to abide by the rest period requirements imposed in any wage order promulgated by the Industrial Welfare Commission ("IWC"). Cal. Lab. Code § 226.7(b). IWC Wage Order No. 5 § 12 provides that employees are entitled to rest periods at a rate of ten minutes of rest time per every four hours of work — unless total work time is less than three-and-a-half hours. IWC Wage Order No. 5-2001 § 12(a). Section 12 further instructs that if an employer fails to provide rest periods as required by the Wage Order, the employer is required to compensate the employee "one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." IWC Wage Order No. 5-2001 § 12(b). Plaintiff alleges that Target violated Wage Order 5-2001 because by "requir[ing] all of its employees to remain on Defendants' premises during rest breaks," it failed to provide rest periods as defined by California law and failed to compensate Plaintiff's premium wages for the deprivation of their rest periods. (FAC ¶¶ 32-37.)

Plaintiff's argument turns on the definition of "rest period." The California Supreme Court has defined "rest period" as "time during which an employee is relieved from all work-related duties and free from employer control."[3] Augustus, 2 Cal. 5th at 264. In Augustus, the California Supreme Court evaluated the legality of an employer policy that required employees to keep their pagers and radios on-hand and to remain at the ready to work and respond to client needs during rest periods. Id. at 269–70. Plaintiffs argued that the employer policy violated Wage Order No. 4 because forcing an employee to be on-call was functionally equivalent to requiring employees to work through rest periods. Id. at 269. In the course of its analysis, the court weighed the amount of "employer control" exerted by the policy, and thus whether the policy deprived employees of their rest periods. Id. at 270–71.

Since Augustus, several district courts within the Ninth Circuit have cited to Augustus as authority to dismiss rest period claims premised on an on-premises rest period theory, reasoning that a policy that keeps employees on-premises is "not sufficient to establish employer control." See, e.g., Ritenour v. Carrington Mortg. Servs., LLC, 2018 WL 5858658, at *7 (C.D. Cal. Sept. 12, 2018) (holding that defendant's on-premises rest period policy was facially valid and legal); Hubbs v. Big Lots Stores, Inc., 2018 WL 5264141, at *5 (C.D. Cal. Mar. 16, 2018) (citing

---

[3] The meaning of "rest period" in Wage Order No. 4 is synonymous with its meaning in Wage Order No. 7. Barreras v. Wells Fargo Bank, N.A., 2018 WL 5276294, at *6 n.3 (C.D. Cal. Jan. 19, 2018).

Augustus and dismissing on-premises rest period claims for failure to state a claim); Bell v. Home Depot U.S.A., Inc., 2017 WL 1353779, at *2 (E.D. Cal. Apr. 11, 2017) (declaring defendant's argument that Augustus implied on-premises rest periods were legal as "more persuasive and accurate" than plaintiff's argument to the contrary). However, one court has distinguished Augustus by pointing out that some on-premises rest period policies go beyond the constraints envisioned by the California Supreme Court. In Cahilig v. IKEA U.S. Retail, LLC, 2019 WL 3852490, at *2 (C.D. Cal. June 20, 2019), the district court held that simply because the California Supreme Court "envisioned a scenario in which employees do not have time to leave the premises during a rest break does not render any policy requiring them to remain onsite per se lawful." Cahilig, 2019 WL 3852490, at *2 (emphasis added). On that basis, the court found that the defendant's on-premises rest period policy went beyond the scenario envisioned in Augustus by "not only requir[ing] [] employees to remain onsite but also 'tether[ing]' them to particular locations onsite." Id. The Cahilig court concluded that defendant's policy exerted sufficient control over plaintiff and denied defendant summary judgment of plaintiff's on-premises rest period claim. Id.

This Court previously relied on Augustus and Cahilig when it dismissed a rest period violation claim to the extent it was based on an on-premises rest period theory—"[p]laintiffs' allegations do not establish that Target's on-premises rest period policy prevented [p]laintiffs from 'taking care of other personal matters' any more than practical limitations already imposed by the abbreviated length of rest periods." Bowen v. Target Corp., 2020 WL 1931278, at *7 (C.D. Cal. Jan 24, 2020) (quoting Augustus, 2 Cal. 5th, at 270). "For example, an on-premises rest period policy cannot be said to prevent employees from driving to a post office to mail a letter and back or from picking up a coffee at a drive-through and returning to work because typically neither task could be accomplished within ten minutes." Bowen, 2020 WL 1931278, at n.10. The Court noted that it was possible for plaintiffs to allege that Target had an on-premises rest period policy that constrained plaintiffs' freedom of movement significantly enough to establish "employer control," but that plaintiffs did not allege such facts—as such, the Court granted leave to amend. Id. at *8 (citing Cahilig, 2019 WL 3852490, at *2.)

In Miles, the Ninth Circuit reversed the denial of class certification of a rest period claim that was based on an on-premises rest period theory. Miles, 89 F.4th, at 1223. The Circuit opined:

> We also note that district court appears to have assumed that on-premises rest breaks do not violate California law so long as the employees are not tasked with any responsibilities. But cf. Augustus, 211 Cal.Rptr.3d 634, 385 P. 3d at 832 ("employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time"); Rest Periods / Lactation Accommodation, https://www.dir.ca.gov/dlse/faq_restperiods.htm (April 2021) (California Division of Labor Standards Enforcement interpreting Augustus to mean that on-premises rest breaks were unlawful). That is a merits question that should be left for summary judgment or trial, not at class certification. See Edwards v. First Am. Corp., 798 F.3d 1172, 1178 (9th Cir. 2015).

Miles, 89 F.4th, at n.2.

Here, Plaintiff challenges the same written rest period policy at issue in Bowen—Plaintiff alleges that "Defendants required all of its employees to remain on Defendants' premises during rest breaks." (FAC ¶ 34.) Whether an on-premises rest period policy violates California law turns on the circumstances surrounding the policy. If an employer forces an employee to remain on premises during their break where the employee could otherwise exit the premises and be back by the end of the rest period, this would likely constitute "employer control." While Augustus noted that "one would expect that employees will ordinarily have to remain on site *or nearby*," it held that California law requires that "employers relinquish any control over how employees spend their break time." Augustus, 2 Cal. 5th, at 270-72 (emphasis added). The Court notes that many Target stores are located in shopping centers with coffee shops and other businesses next door or nearby—in these instances, it would be reasonable for an employee to walk next door, get a coffee, and return to work within their rest period. In this example, an on-premises rest period policy would impose employer control over "how [employees] spend their time." Id. at 270. Based on Plaintiff's sparsely pled facts, the Court cannot assume that this is the case here. This Court previously held that claims based on an on-premises rest period policy "are not foreclosed as a matter of law."[4] Bowen, 2020 WL 1931278, at *8. The Court's finding remains unchanged, especially in light of the Circuit's more recent comments in Miles. However, the Court finds that Plaintiff does not allege a viable claim for failure to provide rest periods because the on-premises rest period policy, as alleged, did not place Plaintiff under "employer control" for the duration of his rest periods. Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiff's first, second and third claims to the extent they rely on an on-premises rest period theory WITH LEAVE TO AMEND.[5]

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's first, second and third claims to the extent they rely on an on-premises rest period theory **WITH LEAVE TO AMEND.** Plaintiff may file an amended complaint no later than July 29, 2024. The Court **VACATES** the July 15, 2024 hearing.

**IT IS SO ORDERED.**

---

[4] The Court rejects Defendant's characterization that Bowen held that "Target's written policy is not unlawful"—Bowen merely addressed the sufficiency of plaintiff's allegations on a motion to dismiss. (Motion at 7); see Bowen, 2020 WL 1931278.

[5] Because Plaintiff's on-premises rest period claims are legally insufficient to state a claim as alleged, the Court does not address whether a viable on-premises rest period claim would apply retroactively. (Motion at 10-11.)